IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELINO CALDERON-SILVA,

Petitioner,                         No. CIV S-07-1011 MCE GGH P

vs.

TOM L. CAREY, Warden, et al.,

Respondents.                        FINDINGS AND RECOMMENDATIONS

_____/

Introduction

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a California State Prison-Solano disciplinary hearing finding wherein he was assessed a 90-day credit loss, having been found guilty of conspiracy to commit battery on an inmate, on grounds of 1) insufficient evidence; 2) inadequate notice of the charges in violation of due process; 3) rule violation report was based on false information; 4) violation of due process at the hearing by being denied the right to call adversarial witnesses; 5) staff assistant's presence at the hearing violated petitioner's due process rights.   Petition, pp. 4-19, Exhibits F, G & H; Motion to Dismiss (MTD), p. 2. Pending before the court is respondent's motion to dismiss the petition as barred by the AEDPA statute of limitations, filed on July 27, 2007, to which petitioner filed an opposition.

1

1 | Motion to Dismiss

2 |       The statute of limitations for federal habeas corpus petitions is set forth in 28

3 | U.S.C. § 2244(d)(1):

4 |       A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment

5 | of a State court.  The limitation period shall run from the latest of

6 | (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

7 | review;

8 | (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

9 | the United States is removed, if the applicant was prevented from filing by such State action;

10 |

11 | (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively

12 | applicable to cases on collateral review; or

13 | (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

14 | diligence.

15 |       On November 20, 2004,[1] petitioner was charged with conspiracy to commit

16 | battery on an inmate in violation of CAL. CODE REGS. tit.xv, § 3005(c).  MTD, p. 2, Exhibit (Exh.)

17 | 1, Rule Violations Report.  Petitioner was found guilty of conspiracy to commit battery on an

18 | inmate at the December 13, 2004, disciplinary hearing and assessed a 90-day credit forfeiture.

19 | Id.  On December 24, 2004, respondent avers that petitioner was provided with a copy of the

20 | senior hearing officer's written findings.  MTD, p. 2, Exh. 1, p.4.  Petitioner's administrative

21 | appeals were exhausted with the director's level decision, dated September 28, 2005.[2]  Id., Exh.

22 |

23 |     [1] Respondent notes the date as November 25, 2004, but Exh. 1, p. 6, indicates that the RVR was prepared on November 20, 2004, and the September 28, 2005, third level appeal decision indicates that date as well.  MTD, Exh. 2; Petition, Exh. A.  On the other hand, MTD,

24 | Exh. 1, p. 6 appears to indicate that the RVR was signed and provided to petitioner on November 25, 2004.

25 |

26 |     [2] Exhibit A to the petition shows petitioner's inmate grievance regarding the RVR was initiated on Dec. 30, 2004.

1   2, Director's Level Appeal Decision, dated 9/28/05; see also, Exh. A to Petition.

2         Respondent in contending that petitioner did not file a petition for writ of habeas

3   corpus in the Solano County Superior Court until October 10, 2006, has properly applied the

4   mailbox rule to the petition that was file-stamped October 18, 2006, but has a certificate of

5   service by petitioner signed on October 10, 2006, indicating that he deposited the petition in the

6   mail at Chuckawalla Valley State Prison, where petitioner is presently incarcerated, on that day.[3]

7   MTD, p. 2, Exh. 3, Ptn., Solano Super. Ct, certificate of mailing, dated 10/10/06.  On December

8   13, 2006,[4] that petition was denied on the merits, the superior court finding there had been no due

9   process violations and that there was some evidence to support the finding of guilt.  Id., Exh. 4,

10  Order Denying Ptn., dat ed 12/13/06.  On January 21, 2007, petitioner filed a habeas petition in

11  the First District Court of Appeal, which was summarily denied on January 25, 2007.  Id., Exh.

12  5, Ptn., Cal. Ct. App., certificate of mailing dated 1/21/07; Exh.6, Order Denying Ptn., filed

13  1/25/07.  On March 1, 2007, petitioner filed a habeas petition with the California Supreme Court,

14  which was denied on April 18, 2007.  MTD, Exh. 7, Ptn., Cal. Supreme Ct., certificate of

15  mailing, dated 3/1/07; Exh. 8, Copy of Online Docket.  The instant federal petition was filed on

16  May 22, 2007.[5]

17  Discussion

18        Respondent is correct in identifying that the § 2244(d)(1)(D) limitation period for

19  petitions that challenge administrative decisions "begins to run on 'the date on which the factual

20  predicate of the claim or claims presented could have been discovered through the exercise of

21

22     [3] Respondent also properly applied the rule with the filings of all of petitioner's state
    court filings.  Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988),
23  pro se prisoner filing is dated from the date prisoner delivers it to prison authorities.

24     [4] December 13, 2004, is the date of the minute order noting the denial and the date on
    which the denial is signed; however, the decision itself is stamped as filed on December 14,
    2006.  See also, Petition, Exh. I.
25

26     [5] Although file-stamped May 29, 2007, the court affords petitioner application of the
    mailbox rule.

1   due diligence.'"  Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004), citing Redd v. McGrath,

2   343 F.3d 1077, 1082 (9th Cir. 2003).  The Shelby Court noted that in Redd, a challenge to a

3   parole board's denial of an administrative appeal, it had found that the statute of limitations

4   began running the day after that petitioner received notice of the Board's decision.  Likewise, the

5   Ninth Circuit applies the same standard in the context of denials of administrative appeals of

6   prison disciplinary actions.  Id., at 1063-1065.  Petitioner argues that AEDPA's limitation period

7   does not apply in the context of petitions challenging prison disciplinary decisions.  The Ninth

8   Circuit disagrees.  Shelby v. Bartlett, 391 F.3d at 1062-1063 (holding "that § 2244's one-year

9   limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the

10  judgment of a State court,' 28 U.S.C. § 2244(d)(1), even if the petition challenges an

11  administrative decision rather than a state court judgment.")  In Shelby, petitioner had waited a

12  year and a half following denial of his administrative appeal before filing in federal court,

13  altogether bypassing state court remedies.  Since, however, the court found the petition untimely,

14  it did not address the question of a lack of exhaustion.  Shelby, supra, at 1066 & n. 1.

15          Section 2244(d)(2) provides that the time during which a properly filed

16  application for State post-conviction or other collateral review with respect to the pertinent

17  judgment or claim is pending shall not be counted toward any period of limitation.  Petitioner did

18  proceed to exhaust his state court remedies; however, he waited too long to do so.  Petitioner's

19  argument that his state habeas petitions were considered on the merits and no timeliness issue

20  was implicated therein is misguided.  Opposition (Opp.), pp. 1-6.  The statute began to run on

21  September 29, 2005, the day after the third level denial of petitioner's administrative appeal;

22  absent applicable tolling, the limitations period expired on September 29, 2006.  No tolling

23  occurred because petitioner did not file his first petition in state court until October 10, 2006.  As

24  respondent states 376 days had run, some 11 days beyond the statutory limitation period, before

25  petitioner filed his first state court habeas petition and § 2244(d)(2) can only pause a clock not

26  yet fully run; it cannot "revive" the limitation period once it has run (i.e., restart the clock to

1    zero).  Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of

2    limitations does not toll the limitation period under § 2244(d)(2).  See Ferguson v. Palmateer,

3    321 F.3d 820, 823 (9th Cir.2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001).   The

4    instant petition was filed some 600 days after the statute of limitations began to run.

5              The court next considers whether petitioner is entitled to equitable tolling.  A

6    habeas petitioner bears the burden of proving that equitable tolling should apply to avoid

7    dismissal of an untimely petition.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

8    Equitable tolling is available "only if *extraordinary* circumstances beyond a prisoner's control

9    make it impossible to file a petition on time."  Id., at 1066 (internal quotation omitted [emphasis

10   added in Miranda]).

11             In his opposition, petitioner does not sufficiently contend that any external force

12   prevented him from filing his petition timely.  "'When external forces, rather than a petitioner's

13   lack of diligence, account for the failure to file a timely claim, equitable tolling may be

14   appropriate.'"  Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187

15   F.3d 1104, 1107 (9th Cir. 1999).

16             Petitioner maintains that he did not actually know that his administrative appeal

17   was denied on September 29, 2005,[6] and that "it could took [sic] weeks or even months" for

18   appeal decisions from Sacramento to reach him; therefore he did not know the factual predicate

19   for his claims on that date.  Opp., p. 3.  As respondent observes (Reply, p. 2), however,

20   petitioner's tenuous and hypothetical claim that an appeal *could* take weeks or months to reach

21   him does not in any way clarify the specific circumstances of when he actually became aware of

22   the appeal denial in this case that triggered the statute.  His failure altogether to set forth the

23   relevant circumstances for the delay in filing this petition is insufficient to entitle him to

24   equitable tolling, notwithstanding his belief in the merits of his claims.  The court must

25   _____

26        [6] The decision was actually denied on September 28, 2005; the statute began to run of
     September 29, 2005.

5

1    recommend granting respondent's motion.

2            Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

3    dismiss, filed on July 27, 2007 (# 6), be granted and this case be closed.

4            These findings and recommendations are submitted to the United States District

5    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

6    days after being served with these findings and recommendations, any party may file written

7    objections with the court and serve a copy on all parties.  Such a document should be captioned

8    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

9    shall be served and filed within ten days after service of the objections.  The parties are advised

10   that failure to file objections within the specified time may waive the right to appeal the District

11   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12   DATED: 02/15/08

                                              /s/ Gregory G. Hollows
13
                                              _____
                                              GREGORY G. HOLLOWS
14                                            UNITED STATES MAGISTRATE JUDGE

     GGH:009
15   cald1011.mtd

16

17

18

19

20

21

22

23

24

25

26